**HAMPTON INTERNATIONAL COMMUNICATIONS, INC., Plaintiff,**

v.

**The JOHNSON & HARDIN COMPANY, Defendant.**

**No. 92 Civ. 5411 (LJF).**

United States District Court, S.D. New York.

Sept. 9, 1992.

Abberley Kooiman, of counsel, New York City, for plaintiff.

Ralph V. Lee, Shanley & Fisher, P.C. of counsel, New York City, for defendant.

## ORDER AND OPINION

FREEH, District Judge.

In this action, plaintiff Hampton International Communications, Inc. ("Hampton") claims that defendant The Johnson & Hardin Company ("J & H") breached its agreement with Hampton by failing to effect timely delivery of the Winter 1992 and Summer 1992 editions of the *CES Daily News.* The case was originally filed in the Supreme Court, New York County, but on July 20, 1992, J & H removed it to this Court. J & H now moves to transfer the action to the United States District Court for the Southern District of Ohio pursuant to Fed.R.Civ.P. 12 and 28 U.S.C. § 1404(a). For the reasons stated at oral argument and below, that motion is granted and the case transferred to Ohio.

## BACKGROUND

The undisputed facts appear to be as follows. Hampton, a New York corporation, publishes trade magazines, including

the *CES Daily News*, a trade magazine distributed at the Consumer Electronics Show (the "Magazine"). On or about November 1, 1991 and April 1, 1992, Hampton entered two agreements with J & H, an Ohio corporation engaged in the commercial printing business, for J & H to print the Winter 1992 and Summer 1992 editions of the Magazine. The November 1991 agreement was solicited on J & H's behalf by its agent, Angelo Puleo ("Puleo"). All meetings and negotiations regarding the November contract and the execution of that contract occurred in New York.

The parties also entered a second agreement in April 1992. Although the record is not altogether clear where that second agreement was executed, it appears that all negotiations regarding the second contract occurred over the phone and telecopier. One employee of Hampton, Nanci Banarer, did travel to Ohio on one occasion in connection with the second agreement, but it appears that the purpose of that trip was merely to proof the materials being prepared by J & H.

J & H now moves to transfer the case to the United States District Court for the Southern District of Ohio on the grounds that (1) venue is improper; and (2) the balance of convenience favors the Ohio court.

## DISCUSSION

### 1. *Venue*

■ In a diversity action such as this one, venue is proper only in:

(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ..., or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced. [28 U.S.C. § 1391(a)].

J & H argues that venue is improper here because (1) it resides in the Southern District of Ohio; (2) the events giving rise to the claim—the alleged breach of contract—occurred outside New York; and (3)

this Court does not have personal jurisdiction over the prospective third-party defendant. J & H correctly argues that venue would be improper under subsections (1) and (2). However, in arguing that venue is also improper under subsection (3), J & H misapplies the applicable standard. The question is whether—at the time the action is commenced—the Court has personal jurisdiction over the defendants. Jurisdiction over a prospective third-party defendant is irrelevant. Because J & H was the only defendant named as of the time of filing and because J & H does not dispute this Court's jurisdiction over it, venue is proper in the Southern District of New York.

### 2. *Transfer*

■ Nevertheless, the Court finds that the balance of convenience weighs in favor of transferring the case to the Southern District of Ohio. Under 28 U.S.C. § 1404(a), a district court may "[f]or the convenience of parties and witnesses, in the interest of justice, ... transfer any civil action to any other district or division where it might have been brought." However, transfer of a case is not appropriate merely because the defendant finds the chosen forum inconvenient or undesirable. Indeed, as a general rule, a plaintiff's choice of forum is given great weight and should not be disturbed unless the following criteria weigh strongly in defendant's favor: (1) convenience of the parties; (2) convenience of material witnesses; (3) availability of process to compel unwilling witnesses; (4) the cost of obtaining witnesses; (5) access to sources of proof; (6) calendar congestion; (7) the location where the events at issue took place; and (8) the interests of justice generally. *International Commodities Export Corp. v. North Pacific Lumber Co. Inc.*, 737 F.Supp. 242, 244–45 (S.D.N.Y.1990). *See* *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). Because a number of the cited factors, including the interests of justice, weigh strongly in J & H's favor, it is appropriate to transfer of this action to the District Court for the Southern District of Ohio.

1. *Convenience to Parties:* Both Hampton, a New York corporation, and J & H, an Ohio corporation, have an interest in having this action proceed in their "home" jurisdiction. Moreover, although a number of the Hampton employees who would be expected to be witnesses are located in New York, it appears that, with the exception of Puleo, J & H's employee witnesses are all located in Ohio. Thus, the convenience of parties is evenly balances as between J & H and Hampton.

2. *Convenience to Witnesses:* As the record stands, however, it appears that the greater number of material witnesses, including those involved with the allegedly late deliveries, are located in the Southern District of Ohio. As a result, this factor supports J & H's request for transfer.

3. *Access to Proof/Location of Events:* There is no dispute that the key events at issue here, J & H's breach of the two agreements with Hampton, occurred in Ohio, Las Vegas and/or Chicago, and not New York.[1] Thus, key proof regarding that a breach is more likely to be available in Ohio than in this jurisdiction.

4. *Availability of Process/Cost of Witnesses/Interests of Justice:* Most importantly, J & H's deliverer, Liberty Transportation, Inc. ("Liberty"), is either a necessary and indispensable party or a potential third-party defendant in this action. In either event, Liberty might not be subject to compulsory process here,[2] a circumstance which would, at minimum, increase the cost of obtaining evidence from Liberty's employees. More likely, J & H would file a separate action against Liberty, which would not only be inefficient, it would create the possibility of contradictory rulings. Such an outcome would not serve the interests of justice generally or the parties in this case. As a result, the Court finds that it is appropriate to trans-

fer the case to the United States District Court for the Southern District of Ohio.

SO ORDERED.

---

1. For example, neither party disputes that they entered binding agreements, or that J & H had certain delivery obligations under those agreements.

2. At oral argument, Hampton challenged the adequacy of J & H's evidence with regard to this

Court's jurisdiction over Liberty. However, even if the Court does have jurisdiction, Liberty is located within 100 miles of the Southern District of Ohio, and key events involving Liberty apparently occurred there.